UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL J. HOLUBA,

    Plaintiff,

v.                                                  CASE NO.: 8:10-cv-1863-T-23MAP

JP MORGAN CHASE & CO.,

    Defendant.

_____/

**ORDER**

    The plaintiff sues (Doc. 2) under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover unpaid wages and overtime compensation. The parties submit a stipulation of dismissal with prejudice (Doc. 9) and attach a "settlement agreement and general release" (Doc. 9-2) for review in accord with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir.1982). See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010); Moreno v. Regions Bank, __ F. Supp. 2d __, 2010 WL 3118278 (M.D. Fla. Aug. 6, 2010).

    Both the stipulation and the settlement agreement are deficient in several ways. The settlement (Doc. 9-2) contains both a pervasive general release and a confidentiality agreement and purports to stipulate to this court's retaining jurisdiction to enforce the agreement. See Dees, 706 F. Supp. 2d at 1242 (finding that "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread

compliance with the statute."); Moreno, 2010 WL 3118278 (rejecting a settlement agreement with a pervasive general release). This court declines to retain jurisdiction to enforce the parties' independently negotiated settlement agreement. See Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377-82 (1994) (finding discretionary the decision to retain jurisdiction over an independently negotiated settlement agreement and that, "[a]bsent such action[,] . . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").

Furthermore, in submitting either a stipulation or a motion for approval of an FLSA settlement agreement, the parties must (1) identify each party's estimate of the plaintiff's hourly wage and the number of unpaid hours worked (in other words, establish the range of the plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal"). If the settlement involves a compromise (in other words, if the plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorneys' fees or agrees to any term other than the release of his claim in exchange for full compensation, promptly paid), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise. In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach[*] or (2) represent that the

---

[*] See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303-04 (11th Cir. 1988) ("'A request for attorney's fees should not result in a second major litigation.' The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [F]ee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have

(continued...)

parties agreed to the plaintiff's attorney's fee separately and without regard to the amount paid to settle the plaintiff's FLSA claim. See Bonetti v. Embarq Mgmt. Co., __ F. Supp. 2d __, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

Accordingly, the stipulation (Doc. 9) and settlement agreement (Doc. 9-2) are **REJECTED**. On or before **December 13, 2010**, the parties shall either move in accord with this order for approval of the proposed settlement or file a notice of mediation (as required by the mediation order (Doc. 8)) and proceed with this action.

ORDERED in Tampa, Florida, on November 22, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

*(...continued)
maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).